DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} In this original action, relator, Marvin Van Gundy, asks this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order in which the commission exercised its continuing jurisdiction over relator's application for an increase in his percentage of permanent partial disability ("PPD") compensation and ordering the commission to reinstate its prior order in which the commission found that relator had a five percent increase in his percentage of PPD.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator has filed a single objection to the magistrate's decision:
By Refusing to Exclude a Lapsed Claim From the Aggregation of Permanent Partial Disability Awards, the Magistrate Ignored the Supreme Court's Pronouncements Regarding the Purpose and Spirit of Permanent Partial Awards, and Instead, Condoned the Industrial Commission of Ohio's Rigid Application of an Artificial Cap on Damages Which Has the Effect of Failing to Properly Compensate Injured Workers, and Forcing Injured Workers to Leave the Workforce Rather than Risk Additional Injuries for Which They Will Not Be Compensated.
 {¶ 3} By his objection, relator submits essentially the same arguments he made to the magistrate. The magistrate considered those arguments and concluded that the explicit language of R.C. 4123.57 caps cumulative PPD awards at 100 percent and, therefore, limits relator's PPD award. R.C.4123.52, which precludes the commission from making any modification, change, finding or award in any claim where the last payment of compensation has been ten or more years ago, does not impact that cap. We agree with the magistrate's analysis and reasoning.
 {¶ 4} Based on an independent review of the evidence, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objection overruled, writ of mandamus denied.
Petree and Travis, JJ., concur.
 APPENDIX A
 IN THE COURT OF APPEALS OF OHIO
 TENTH APPELLATE DISTRICT
State of Ohio ex rel. Marvin Van Gundy, :
 Relator, :
v. : No. 04AP-1101
Industrial Commission of Ohio and : (REGULAR CALENDAR)
DAS/Ohio Department of Rehabilitation :
 Corrections, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on April 21, 2004 Philip J. Fulton Law Office, and Jacob Dobres, for relator.
Jim Petro, Attorney General, and Charissa D. Payer, for respondent Industrial Commission of Ohio.
Jim Petro, Attorney General; Lee M. Smith Associates Co., L.P.A.,Lisa R. Miller and Lee M. Smith, Special Counsel for respondent Ohio Department of Rehabilitation and Corrections.
 IN MANDAMUS {¶ 5} Relator, Marvin Van Gundy, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order wherein the commission exercised its continuing jurisdiction over relator's application for an increase in his percentage of permanent partial disability ("PPD") compensation and ordering the commission to reinstate its prior order wherein the commission found that relator had a five percent increase in his percentage of PPD.
Findings of Fact:
 {¶ 6} 1. Relator has five separate claims which have been recognized by the Ohio Bureau of Workers' Compensation ("BWC"). The oldest of those claims stems from an industrial injury which occurred in 1982. In that claim, relator had received a ten percent PPD award. Because no compensation has been paid in that claim for ten years, the claim has expired.
 {¶ 7} 2. Relator has received various awards relative to his other allowed claims and has been awarded PPD compensation relative to each of the allowed claims.
 {¶ 8} 3. On August 7, 2003, relator filed an application seeking an increase in his award of PPD compensation in claim No. 00-324445. Relative to that claim, relator sustained an industrial injury on February 8, 2000, and that particular claim has been allowed for: "sprain of neck; sprain left radiohumeral; sprain sacroiliac; sprain left hip and thigh; sprain lumber region; degenerative intervertebral disc lumbar spine; radiculitis lumbar spine."
 {¶ 9} 4. At the time his application was filed, relator had already been granted an 18 percent PPD award.
 {¶ 10} 5. The BWC's reviewing physician, Dr. Robert Brown, opined that relator's percentage of PPD had increased from 18 to 20 percent.
 {¶ 11} 6. By order mailed November 20, 2003, the BWC relied upon the review of Dr. Brown and granted relator a two percent increase in his award in claim No. 00-324445.
 {¶ 12} 7. Relator objected and the matter was heard before a district hearing officer ("DHO") on March 8, 2004. The DHO determined that relator's percentage of PPD relative to claim No. 00-324445 was now 23 percent, which represents a five percent increase in the award. As such, the DHO rejected the BWC's finding of a two percent increase and found instead that relator had a five percent increase in his award.
 {¶ 13} 8. It is undisputed that no appeal was taken from this order.
 {¶ 14} 9. Thereafter, on May 18, 2004, the BWC filed a motion requesting that the commission exercise its continuing jurisdiction over relator's claim under R.C. 4123.52 and vacate the DHO order granting relator an additional five percent PPD award on the grounds that the award was based upon a mistake of law and the mistake of an inferior tribunal. The motion was supported by a memorandum indicating that, with the two percent increase in PPD awarded by the BWC in claim No. 00-324445, relator had been granted, relative to all of his claims, a 100 percent PPD award and that, by increasing the award an additional three percent to five percent, the commission had actually granted relator a 103 percent PPD award contrary to R.C. 4123.57.
 {¶ 15} 10. The commission exercised its continuing jurisdiction and vacated the prior DHO order and made the following findings:
The District Hearing Officer order of 03/08/2004 is vacated, the Staff Hearing Officer finds that the BWC order of 11/20/2003 resulted in claimant being awarded a total of 100% permanent partial disability in all his claims which the District Hearing Officer order of 03/08/2004 would exceed. The Staff Hearing Officer finds that O.R.C. 4123.57
precludes an award which would cause the total in all claims to exceed 100% permanent partial disability.
The Staff Hearing Officer fails to find claimant's argument to the effect that the 10% awarded in claim No. PEL20914 be excluded since that claim is now "expired" to be persuasive.
 {¶ 16} Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 17} In this mandamus action, relator contends that the commission has abused its discretion by exercising its continuing jurisdiction and considering, as part of relator's total percentage of PPD, the ten percent award made in a claim which was more then ten years old and which had expired. Relator contends that, pursuant to R.C. 4123.52, the commission is precluded from making any modification, change, finding, or award in any claim where the last payment of compensation has been ten years ago. As such, relator contends that the commission was precluded from considering the ten percent PPD award made in the claim which was more than ten years old. If that claim is excluded, then, when relator filed his application seeking an increase in his percentage of PPD, the commission could only consider that he had been granted an 88 percent PPD award instead of a 98 percent award (when you include the ten year old claim) as argued by the BWC. For the reasons that follow, the magistrate rejects relator's argument.
 {¶ 18} Pursuant to R.C. 4123.52:
The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion[,] is justified. * * *
 {¶ 19} However, R.C. 4123.52 provides further that no "modification, change, finding, or award shall be made within ten years from the date of the last payment of compensation."
 {¶ 20} Relator contends that the above-quoted language of R.C. 4123.52
means that the commission loses jurisdiction over a claim when ten years have passed without the payment of medical benefits or compensation. Relator supports this argument by noting that the claim file for the claim which is more than ten years old has actually been destroyed by the commission. Therefore, relator argues that the commission cannot consider the fact that he was awarded ten percent compensation in that claim.
 {¶ 21} On the other hand, the commission argues that it is not making a "modification, change, finding, or award" relative to the expired claim and that R.C. 4123.52's prohibition against such does not factor into the issue. This magistrate agrees.
 {¶ 22} R.C. 4123.57 applies to awards of partial disability compensation. Pursuant thereto, a claimant can make an application for the determination of the percentage of the claimant's PPD resulting from any injury. Furthermore, claimants can make applications for increases in the percentage of their PPD relative to any of their injuries. However, when awarding PPD compensation, R.C. 4123.57 provides as follows: "No award shall be made under this division based upon a percentage of disability which, when taken with all other percentages of permanent disability, exceeds one hundred per cent." As such, R.C. 4123.57 provides that an employee can receive increases in their percentage of PPD; however, when considering all of their claims, no claimant can be awarded a percentage in excess of 100 percent. No distinction is made concerning awards made in claims which have lapsed. In the present case, at the time that relator filed his application seeking an increase in his percentage of PPD in claim No. 00-324445, relator had already been granted a 98 percent PPD award relative to all of his claims, including the claim which was more than ten years old. Pursuant to R.C. 4123.57, relator could not be awarded any more than a two percent increase, relative to any of his allowed claims, because to award him more than two percent would have increased his total award above 100 percent. In the present case, the BWC granted relator a two percent increase in his PPD relative to claim No. 00-324445 bringing his total percentage of PPD to 100 percent. This constituted the ceiling, so to speak, of PPD compensation to which relator was entitled.
 {¶ 23} Relator cites State ex rel. Waddle v. Indus. Comm. (1993),67 Ohio St.3d 452, for the proposition that nonallowed conditions cannot advance or defeat a claim. While this is a correct statement of the law, it has no application in this context. It cannot be disputed that relator has certain allowed conditions relative to the ten year old claim. Furthermore, it is undisputed that relator has received an award of PPD compensation in that ten year old claim. As such, those conditions have been allowed and relator has been paid compensation for them, including a certain percentage of PPD compensation. Contrary to relator's assertions, the conditions allowed under the ten year old claim are not nonallowed conditions which the commission cannot consider pursuant toWaddle.
 {¶ 24} Furthermore, relator argues that since awards for PPD compensation are akin to damage awards, then the ceiling of 100 percent found in R.C. 4123.57 should not include expired claims. However, relator cannot point to any case law which would support this assertion as none exists. As stated previously, the commission is not making any modification or change in the claim which is ten years old. Instead, as provided by R.C. 4123.57, the commission is simply considering the fact that an award for PPD compensation was made in that claim and that the percentage of that award is to be included in determining the total percentage of PPD compensation which can be awarded to relator.
 {¶ 25} Relator cites State ex rel. Latino v. Indus. Comm.
(1968), 13 Ohio St.2d 103 and State ex rel. Sears, Roebuck Co. v. Indus. Comm.
(1990), 52 Ohio St.3d 144, and argues that, pursuant thereto, the commission can make awards of PPD compensation in excess of a 100 percent award because each claim is considered separately and authorizes PPD awards in excess of 100 percent. However, for the following reasons, the magistrate finds that neither case applies.
 {¶ 26} First, both cases involve claims arising prior to the 1963 amendment which provided the 100 percent cap in R.C. 4123.57. Second,Latino stands for the following pronouncement of law:
An injured workman who obtained an award for permanent partial disability under division (B) of Section 4123.57, Revised Code, prior to its amendment, effective October 1, 1963, was immediately entitled to the regular payment of such award, even though subsequent to that injury he had been awarded and was receiving compensation for permanent total disability due to silicosis.
Id. at syllabus.
 {¶ 27} Third, Sears stands for the following principles:
In its prospective application to claims arising from injuries sustained after October 1, 1963, the provision in former R.C. 4123.57(B) (now in [A]) mandating a one hundred percent ceiling on awards for permanent partial compensation under workers' compensation is constitutional.
Retrospective application of the provision in R.C. 4123.57(B) (now in [A]) mandating a one hundred percent ceiling on awards for permanent partial compensation so as to aggregate awards for injuries sustained before October 1, 1963 with awards for injuries sustained after October 1, 1963 is unconstitutional.
Id. at paragraphs one and two of the syllabus.
 {¶ 28} Neither Latino nor Sears addresses the effect of "lapsed" claims in determining PPD awards and, as stated in Sears, the 100 percent cap found in R.C. 4123.57 is constitutional as applied to claims arising after the 1963 amendment. The oldest claim in relator's case is 1982.
 {¶ 29} Lastly, relator contends that the commission's application of the 100 percent cap violates the statutory mandate that workers' compensation laws be liberally construed in favor of injured workers. This magistrate disagrees. Claimants are entitled to an award of up to 100 percent PPD. Nothing in R.C. 4123.57 indicates that claims for which compensation has not been paid within the past ten years should not be included in this award. Furthermore, because there is no change or modification being made relative to the ten year old claim, R.C. 4123.57
does not preclude the commission from considering it. Relator's argument simply fails.
 {¶ 30} Based on the foregoing, it is the magistrate's decision that the commission did not abuse its discretion by exercising its continuing jurisdiction and granting relator a two percent increase in his PPD compensation relative to claim No. 00-324445 instead of the five percent award which the commission previously made because relator was entitled to no more than a 100 percent PPD award pursuant to R.C. 4123.57 relative to all of his allowed claims. As such, relator's request for a writ of mandamus should be denied.