[Cite as *State ex rel. Ohio Univ. v. Indus. Comm.*, 2015-Ohio-3779.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Ohio University,         :

        Relator,         :

v.         :         No.  14AP-695

Industrial Commission of Ohio         :         (REGULAR CALENDAR)
and Terry L. Holifield,

        :

        Respondents.         :

        :

D E C I S I O N

Rendered on September 17, 2015

*Mollica, Gall, Sloan & Sillery, Co., LPA,* and *Andrew J. Mollica*, for relator.

*Michael DeWine*, Attorney General, and *Cheryl J. Nester,* for respondent Industrial Commission of Ohio.

*The Bainbridge Firm, LLC,* and *Zachary L. Tidaback,* for respondent Terry L. Holifield.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, Ohio University, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order directing the Ohio Bureau of Workers' Compensation ("BWC") to process the C-92 application of respondent, Terry L. Holifield ("claimant") for permanent partial disability ("PPD") compensation, and to order the commission to dismiss claimant's application.

{¶ 2}   Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate found that because the claimant's PPD application involved a condition different from the condition for which he previously received permanent total disability compensation ("PTD"), the commission did not abuse its discretion when it ordered the BWC to process his application.  Therefore, the magistrate has recommended that we deny relator's request for a writ of mandamus.

{¶ 3}   Relator has filed objections to the magistrate's decision.  In its first objection, relator argues that the magistrate erred when she allegedly suggests that the claimant could have pursued a PPD award prior to the claimant's receipt of PTD compensation.  We fail to see how this argument warrants sustaining relator's objection.  The portion of the magistrate's decision that relator challenges is not part of the magistrate's holding.  Nor is it particularly relevant to the principle of law that is dispositive in this case.  The magistrate's speculation about what the claimant might have done is of no consequence and is not error.  Therefore, we overrule this objection.

{¶ 4}   In its second objection, relator argues that the commission has created a new type of post PTD award.  We disagree.

{¶ 5}   In *State ex rel. Mosely v. Indus. Comm.*, 10th Dist. No. 13AP-127, 2014-Ohio-1710, this court adopted a magistrate's decision in which the magistrate held that the commission may grant a PPD award for a condition that is different from the condition that is the basis for a preexisting PTD award.  That is the factual scenario presented here.  Contrary to relator's assertion, a PPD award in this case is not a new type of post PTD award.  For these reasons, we agree with the magistrate that the commission did not abuse its discretion when it directed the BWC to process the claimant's PPD application.  Therefore, we overrule relator's second objection.

{¶ 6}   Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.

*Objections overruled; writ of mandamus denied.*

BROWN, P.J., and HORTON, J., concur.

_____

### APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ohio University, | : | |
| Relator, | : | |
| v. | : | No. 14AP-695 |
| Industrial Commission of Ohio and Terry L. Holifield, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

_____

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 26, 2015

_____

*Mollica, Gall, Sloan & Sillery, Co. LPA,* and *Andrew J. Mollica*, for relator.

*Michael DeWine*, Attorney General, and *Stephen D. Plymale,* for respondent Industrial Commission of Ohio.

*The Bainbridge Firm, LLC,* and *Zachary L. Tidaback,* for respondent Terry L. Holifield.

_____

### IN MANDAMUS

{¶ 7}   Relator, Ohio University, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order directing the Ohio Bureau of Workers' Compensation

("BWC") to process the C-92 application of claimant Terry L. Holifield ("claimant") for permanent partial disability ("PPD") compensation, and ordering the commission to dismiss claimant's application.

Findings of Fact:

{¶ 8}   1. Claimant sustained a work-related injury on December 29, 1999, and his workers' compensation claim was originally allowed for "sprain lumbosacral."

{¶ 9}   2. In December 2003, claimant filed an application for permanent total disability ("PTD") compensation.   At that time, his claim had been allowed for the following additional conditions:

> Lumbar radiculopathy; aggravation of pre-existing degenerative disc disease L5-S1; L5-S1 herniated nucleus pulposus; osteomyelitis NOS-other site.

{¶ 10} At the time he filed his application for PTD compensation, claimant had undergone two surgical procedures in 2001 and 2002 because of continuing back pain. According to the medical records, claimant's back pain did not improve following those surgeries.

{¶ 11} 3. Relator's application for PTD compensation was granted based solely on the allowed physical conditions and without consideration of the non-medical disability factors.  The start date for compensation was determined to be February 19, 2004.

{¶ 12} 4. After he had been awarded PTD compensation, claimant's claim was additionally allowed for "lumbar post laminectomy pain syndrome" following a hearing before a district hearing officer ("DHO") on July 29, 2009.

{¶ 13} 5. In 2013, claimant filed a C-92 application for the determination of the percentage of PPD related solely to the newly allowed condition of lumbar post laminectomy pain syndrome.

{¶ 14} 6. The BWC dismissed claimant's application in an order mailed May 17, 2013.  Specifically, the order of the administrator provides:

> On 05/13/2013 [sic], the injured worker filed an application for a determination or an increase in the percentage of permanent partial disability as a result of his/her work-related injury/disease. The Ohio Bureau of Workers' Compensation (BWC) hereby advises it has dismissed the Application for Determination of Percentage of Permanent Partial Disability or Increase of Permanent Partial Disability (C-92) without prejudice for the reasons(s) listed below.

The Industrial Commission of Ohio by order dated 04/13/2004 has found the injured worker to be permanently and totally disabled.

The injured worker has been found Permanently & Totally disabled for the conditions of (846.0 - Lumbosacral Sprain, 724.4 - Lumbar Radiculopathy, 722.52 - Aggravation of Degenerative Disc Disease L5-S1, 722.10 - HNP L5-S1, and 730.28 - Osteomyelitis NOS - other site based upon the PTD Tentative Order dated 4-13-04.

Therefore, the injured worker is not entitled to receive additional compensation through a Permanent Partial award for the same part of body that was considered in the granting of the Permanent Total compensation.

{¶ 15} 7. Claimant filed an objection, stating:

Dismissal is contrary to BWC Policy. See following excerpt from BWC Website. "However, if an additional condition is allowed after PTD has been awarded, concurrent payments may be considered. Additionally, an injured worker is entitled to receive previously awarded %PP benefits in addition to subsequently awarded PTD for an injury that occurred prior to November 16, 1973. These situations should be staffed with the local BWC attorney." Please reinstate and process C-92.

{¶ 16} 8. The objection was heard before a DHO on July 15, 2013 and resulted in an order vacating the order of the administrator:

The District Hearing Officer hereby refers this matter back to the Bureau of Workers' Compensation to properly process the Injured Worker's C-92 Application, filed 05/13/2013, in its usual course and consider the award permanent partial disability compensation percentage based only upon the lumbar post laminectomy pain syndrome condition allowed in this claim after the Injured Worker was awarded permanent total disability compensation.

{¶ 17} 9. An appeal from the DHO order was heard before a staff hearing officer ("SHO") on September 17, 2013. The SHO vacated the prior DHO order and found the application for PPD compensation should not be processed, stating:

The Staff Hearing Officer denies the Injured Worker's application filed 05/13/2013 for a determination or an increase in the percentage of permanent partial disability as a result of the allowed injury.

Pursuant to Tentative Order, dated 04/13/2004, the Injured Worker was found permanently and totally disabled for the conditions of lumbosacral sprain, lumbar radiculopathy, aggravation of pre-existing degenerative disc disease L5-S1, L5-S1 herniated nucleus pulposus and osteomyelitis NOS. Therefore, the Staff Hearing Officer finds that the Injured Worker is not entitled to receive additional compensation through a Permanent Partial award for the same body part that was considered in granting of the Permanent Total compensation.

In making this finding, the Staff Hearing Officer determines that the claim has been additionally allowed for the condition of lumbar post-laminectomy pain syndrome after the 2004 Tentative Permanent Partial Disability grant order. The Staff Hearing Officer finds, however, that this condition amounts to the same body part that was considered in granting the permanent total disability order and therefore no increase of permanent partial disability is warranted at this time.

{¶ 18} 10. Claimant filed a request for reconsideration, which the commission set for hearing to determine whether there was a clear mistake of law in the failure to process his C-92 application for a condition allowed subsequent to the granting of the PTD application.

{¶ 19} 11. Following a hearing on December 5, 2013, the commission granted the request for reconsideration by a two-to-one vote, stating:

[I]t is the decision of the Industrial Commission the Injured Worker has met his burden of proving the Staff Hearing Officer order, issued 09/26/2013, contains a clear mistake of law of such character that remedial action would clearly follow. Specifically, the Staff Hearing Officer misapplied the applicable case law in finding the request for permanent partial disability compensation was for "the same body part" as the prior award of permanent total disability compensation. Instead, the Staff Hearing Officer should have analyzed whether the request for permanent partial disability compensation was based upon the "same condition" as the prior award of permanent total disability compensation. See State ex rel. Missik v. City of Youngstown, 65 Ohio St.3d [189], 602 N.E.2d 633 (1992), State ex rel. Murray v. Indus. Comm., 63 Ohio St.3d 473, 588 N.E.2d 855 (1992), State ex rel. Hoskins v. Indus. Comm., 87 Ohio St.3d 560, 722 N.E.2d 66 (1992), and State ex rel. Mosley v. Indus. Comm., 10th Dist. No. 13AP-127. Therefore, the Industrial

Commission exercises continuing jurisdiction pursuant to R.C. 4123.52 and State ex rel. Nicholls v. Indus. Comm., 81 Ohio St.3d 454, 692 N.E.2d 188 (1998), State ex rel. Foster v. Indus. Comm., 85 Ohio St.3d 320, 707 N.E.2d 1122 (1999), and State ex rel. Gobich v. Indus. Comm., 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, in order to correct this error.

{¶ 20} 12. The commission referred the matter back to the BWC ordering the BWC to process claimant's C-92 application in accordance with the "same condition" standard.

{¶ 21} 13. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court should deny the request for a writ of mandamus, as more fully explained below.

{¶ 23} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 24} The question here is whether or not the commission abused its discretion when it referred this matter back to the BWC ordering the BWC to determine whether claimant was entitled to an award of PPD compensation for the newly allowed condition in his claim, lumbar post laminectomy pain disorder, even though he had already been awarded PTD compensation in his claim, allowed entirely for back conditions. Several cases have discussed this issue, and the magistrate specifically notes that part of the confusion stems from the fact that certain words have been used at different times to express the same concept. For example, the word "injury" (which is no longer used) has been used as well as the words "same condition" and "body parts."

{¶ 25} Prior to 1986, R.C. 4123.57 allowed a PPD award after the last period of disability.  In 1986, the statute was amended to allow a partial disability award after the last period of compensation paid under R.C. 4123.56, which provides for temporary total disability ("TTD") compensation and working wage loss compensation ("WWL").  The statute was changed because the legislature removed temporary partial disability compensation from the Ohio Revised Code and replaced it with WWL compensation.

{¶ 26} R.C. 4123.57 now provides:

> [N]ot earlier than twenty-six weeks after the date of termination of the latest period of payments under section 4123.56 of the Revised Code, * * * the employee may file an application with the bureau of workers' compensation for the determination of the percentage of the employee's permanent partial disability resulting from an injury * * *.
>
> Whenever the application is filed, the bureau * * * shall schedule the employee for a medical examination by the bureau medical section.
>
> * * *
>
> (A) The district hearing officer, upon the application, shall determine the percentage of the employee's * * * based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment evidenced by medical or clinical findings reasonably demonstrable.
>
> * * *
>
> No award shall be made under this division based upon a percentage of disability which, when taken with all other percentages of permanent disability, exceeds one hundred per cent. * * *
> Compensation payable under this division accrues and is payable to the employee from the date of last payment of compensation.
>
> * * *
>
> (C) Compensation for partial impairment under divisions (A) and (B) of this section is in addition to the compensation paid the employee pursuant to section 4123.56 of the Revised Code.

{¶ 27} Based on the above provisions, it is clear that a claimant must wait six months (26 weeks) after their TTD compensation has ended before they can apply for an award of PPD compensation. Further, once the application is filed, the BWC is required to refer the claimant for a medical evaluation.

{¶ 28} As noted previously, several cases have addressed whether a claimant can concurrently receive PPD and PTD compensation. The first case to be addressed here is *State ex rel. Murray v. Indus. Comm.*, 63 Ohio St.3d 473 (1992). In that case, John Murray, Jr., was receiving PTD compensation when he applied for an award of PPD compensation under former R.C. 4123.57(B) "for the same injury." *Id.* at 473. The commission dismissed the application because he was already receiving PTD compensation. Murray filed a mandamus complaint in this court alleging a right to concurrently receive PTD and PPD compensation for the same injury; however, this court disagreed and denied the writ.

{¶ 29} On appeal, the Supreme Court of Ohio set out the relevant question as follows: "Can a claimant concurrently receive PPD and PTD for the same injury?" *Id.* at 474. The Supreme Court answered the question in the negative, stating:

> While not expressly addressing the contemporaneous payment of PPD and PTD for the same injury, former R.C. 4123.57 evinces a legislative intent to prohibit simultaneous receipt of these benefits.
>
> The former versions of R.C. 4123.57(D), applicable at the time of claimant's injuries herein, elaborately specify that compensation for partial disability under former R.C. 4123.57(B) shall be in addition to compensation for periods of temporary total disability. Reference to concurrent payment of PPD and PTD benefits is conspicuously absent. Equally significant, the former versions of R.C. 4123.57(A) prohibit an application for PPD earlier than forty weeks after the date of termination of the latest period of total disability. This latter provision effectively prevents concurrent payment and, in the cases at bar, justifies the dismissal of claimants' PPD applications, *i.e.,* if the *permanent total* disability compensation is ongoing, then the requisite forty-week waiting period obviously has not elapsed.

(Emphasis sic.) *Id.* at 475.

{¶ 30} Later that same year, the Supreme Court of Ohio decided *State ex rel. Missik v. Youngstown,* 65 Ohio St.3d 189 (1992). In that case, George Missik suffered

three injuries while working for the city of Youngstown and had three separate workers' compensation claims. To simplify the fact pattern, claims A and B were allowed for different back conditions, while claim C was allowed for neck and shoulder conditions. Missik sought an award of PTD compensation listing only claims B and C and, in granting him PTD compensation, the commission relied solely on claim B (back condition).

{¶ 31} Later, Missik sought an award of PPD compensation in claims A and C. The commission dismissed his application in its entirety because Missik had already been awarded PTD compensation, and he filed a mandamus action. This court denied the writ and Missik's appeal was heard before the Supreme Court of Ohio. Finding that the commission's award of PTD compensation was attributed exclusively to claim B (back), the Supreme Court concluded that the PTD award did not encompass claim C (neck and shoulder). As such, the Supreme Court found that the commission abused its discretion by dismissing Missik's PPD application in claim C, allowed for the neck and shoulder conditions. However, because claims A and B both involved back injuries, the Supreme Court found the commission did not abuse its discretion in dismissing Missik's PPD application with regards to claim A because his award of PTD compensation had been based on claim B already involving a back condition. The Supreme Court ordered the BWC to consider the merits of the application.

{¶ 32} Later, in *State ex rel. Hoskins v. Indus. Comm.*, 87 Ohio St.3d 560 (2000), the Supreme Court discussed its decision in *Murray,* stating:

> In *State ex rel. Murray v. Indus. Comm.* (1992), 63 Ohio St.3d 473, * * * we held that permanent partial and permanent total disability compensation could not be concurrently paid for the same conditions.

*Id.* at 560.

{¶ 33} However, as noted in the quote from *Murray*, the question the Supreme Court actually addressed in *Murray* was: "Can a claimant concurrently receive PPD and PTD for the same injury?"

{¶ 34} James L. Hoskins was awarded PPD compensation from November 11, 1988 to May 24, 1990. Hoskins was later granted PTD compensation and the award was back-dated to begin December 2, 1988. The PTD award also deducted the amount of PPD paid to Hoskins from December 2, 1988 through May 24, 1990.

{¶ 35} Hoskins alleged the commission abused its discretion by deducting the amount of PPD from his PTD award.  This court denied his request for a writ of mandamus and Hoskins appealed that decision.  Finding that it was inappropriate for Hoskins to simultaneously be both partially and totally disabled for the "same conditions," the Supreme Court affirmed this court's denial of the writ.

{¶ 36}  More recently, this court decided *State ex rel. Mosley v. Indus. Comm.,* 10th Dist. No. 13AP-127, 2014-Ohio-1710.  Kelly R. Mosley sustained one work-related injury, and her claim was allowed for 23 physical conditions and one psychological condition.  The commission awarded her PTD compensation finding that she was unable to perform any sustained remunerative employment solely as a result of the medical impairment caused by the allowed psychological condition.  As such, the commission found it unnecessary to consider or analyze the non-medical disability factors and did not rely on any medical reports which pertained to the allowed physical conditions.

{¶ 37} Later, Mosley filed an application for PPD compensation based on her allowed physical conditions; however, the BWC dismissed her application because she had already been found to be permanently and totally disabled.

{¶ 38} Mosley filed a mandamus action in this court and the matter was referred to a magistrate.  The court's analysis began with the observation that the commission's award of PTD compensation was based exclusively on one allowed psychological condition (organic personality syndrome) and was not premised on any of the numerous physical claim allowances.  The magistrate cited and discussed the *Missik* decision and found that it compelled the issuance of a writ of mandamus.  Specifically, the magistrate stated:

> In the magistrate's view, based upon the undisputed facts of record, the *Missik* decision compels the issuance of a writ of mandamus in this action.
>
> The magistrate acknowledges that, unlike *Missik,* this action does not involve multiple industrial claims, but only the one industrial claim. Here, the PTD award is premised upon only 1 of the 23 allowed conditions of the claim. Therefore, by his application for the determination of the percentage of PPD in his sole industrial claim, relator was not seeking PPD compensation for the same conditions (or condition) that support his PTD award. Both the bureau and the commission failed to recognize this distinction in their orders, and, as a

> result, relator was denied a statutory right under R.C. 4123.57.
>
> Clearly, under R.C. 4123.57, upon the filing of the application, the bureau was required to schedule relator for a medical examination by the bureau's medical section at least for the allowed physical conditions of the claim. Following the issuance of the medical report, the bureau was required to make a tentative order.
>
> Because the bureau failed to schedule relator for a medical examination and to issue a tentative order, and the commission's hearing officers failed to order the bureau to do so, a writ of mandamus must issue.

*Id.* at ¶ 38-40.

{¶ 39} In the present case, the magistrate specifically notes the date of injury is December 29, 1999 and claimant's claim is allowed for several back conditions. It is undisputed that claimant underwent back surgeries in 2001 and 2002, and all the medical evidence filed in this mandamus action clearly establishes that claimant's back conditions worsened after the surgeries. Although the stipulated evidence filed at this time does not indicate the dates claimant received TTD disability compensation following the second surgery, such compensation would have been payable. Once the then-allowed back conditions reached maximum medical improvement ("MMI") following the second surgery, claimant's award of TTD compensation would have been terminated. At that time, although all the medical evidence demonstrated that the surgery was a failure, claimant's claim was not yet allowed for post laminectomy syndrome (a condition that essentially states the surgery made the condition worse). Once his then-allowed conditions had reached MMI, claimant likely filed his application for PTD compensation. Once TTD compensation was terminated, claimant would not have been receiving any compensation and clearly was not working. (Claimant could have waited six months and then sought an award of PPD but, instead, filed an application for PTD compensation.) PTD compensation was granted in April 2004 and later, in 2009, when claimant's claim was additionally allowed for the post laminectomy syndrome, claimant sought an award of PPD compensation.

{¶ 40} Claimant's claim is still only allowed for conditions related to his back and, certainly, at the time PTD was awarded, the medical evidence would have established that

his conditions worsened following the surgery and, yet, claimant had neither sought nor had he been awarded any PPD compensation acknowledging the fact that the surgery had failed to alleviate his symptoms and had, instead, caused a worsening of his back problems.

{¶ 41} So, in considering this issue, should the court focus on "body parts" or on "conditions?"  Here, the commission focused on "conditions" and determined the BWC should follow R.C. 4123.57 and schedule claimant for a medical examination and issue a tentative order.  Given the facts of the aforementioned cases and the language and analysis provided in each one, the magistrate finds the commission did not abuse its discretion here when it ordered the BWC to process claimant's application for PPD compensation.  As such, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).