By the Court.
 

 The Industrial Commission contends that, inasmuch as that part of Section 1465-68, General Code, which includes members of partnerships as employees within the provisions of the Workmen’s Compensation Act, was declared unconstitutional by this court in the case of
 
 Goldberg
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 399, 3 N. E. (2d), 364, the widow has no basis for an action for compensation.
 

 Counsel for the widow contend that, having accepted premiums based upon the payroll which included the decedent’s salary, the commission is estopped to deny the constitutional validity of the last paragraph of Section 1465-68, General Code.
 

 We agree with counsel for both parties to this litigation that the question of estoppel was not before this court in the
 
 Goldberg case.
 

 In 1925 the General Assembly amended Section 1465-68, General Code (111 Ohio Laws, 218), to include
 
 *213
 
 coverage of members of partnerships under certain circumstances. The Industrial Commission was thereafter compelled to accept premiums from partnerships and to pay for injury to or death of partner-employees. In 1936 this court declared unconstitutional the amended portion of Section 1465-68, General Code, and the commission was.thereupon deprived of rights and duties under that amended section.
 

 The rights of employees and their dependents in the Workmen’s Compensation Law are not governed by common law, but are only such as may be conferred by the General Assembly. 42 Ohio Jurisprudence, page 575, Section 2;
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470;
 
 Bozzelli
 
 v.
 
 Industrial Commission,
 
 122 Ohio St., 201, 171 N. E., 108.
 

 When this court declared Section 1465-68, General Code, unconstitutional, the duties of the Industrial Commission ceased with reference to such partner-employee claims, and the rights of claimants likewise terminated.
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.