THE STATE, EX REL. LATINO, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 40982—Decided March 13, 1968.)

*Messrs. Sindell, Sindell, Bourne, Markus, Stern & Spero* and *Mr. William M. Wohl,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. Walter J. Howdyshell* and *Mr. Robert J. Dodd, Jr.,* for the Industrial Commission.

*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Crede Calhoun,* for Republic Steel Corporation.

BROWN, J. It seems clear that an appeal from the determination of the Industrial Commission in this case was available under Section 4123.519, Revised Code, and that under such circumstances mandamus does not lie. The existence and adequacy of this remedy at law was not raised in the Court of Appeals, so in the interest of judicial economy we have chosen to decide the appeal on its merits.

The only question in this cause is whether an injured workman who is receiving compensation for permanent and total disability at the maximum statutory rate on an oc-

cupational disease claim may, *at the same time,* receive compensation for permanent and partial disability on an injury claim under Section 4123.57 (B), Revised Code, as it read before the amendment of October 1, 1963. We hold that under these circumstances a workman may receive payment for both claims concurrently.

The relevant parts of Section 4123.57, Revised Code (128 Ohio Laws 743, 757) read, in part, as follows at the time of the appellant's injury:

"Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation herein set forth:

"* * *

"(B) In all cases of permanent partial disability, except such as are subject to the provisions of division (C) of this section, the Industrial Comission shall determine the percentage of disability of the employee, after taking into consideration the extent of the physical disability, the impairment of earning capacity and the vocational handicap of the employee, and the employee shall receive sixty-six and two-thirds per cent of his average weekly wage, not to exceed a maximum of forty-nine dollars per week for the number of weeks which equals such percentage of two hundred weeks, but no award shall be made which is less than the percentage of the physical disability.

"* * *

"When an award under this division of this section has been made prior to the death of an employee, all unpaid installments accrued or to accrue under the provisions of the award are payable to the widow, or if there is no widow surviving, to the dependent children of such employee, and if there are no such children surviving, then to such other dependents as the commission may determine."

Language providing that no award shall be made based on a percentage of disability which, when taken with all other percentages of permanent disability, exceeds one hundred per cent was added to division (B) of Section 4123.57, Revised Code, by the amendment of October 1,

1963 (130 Ohio Laws 926, 1466), and does not affect the disposition of this case because the injury here occurred before this amendment was enacted. *State, ex rel. Frank,* v. *Keller,* 3 Ohio App. 2d 428.

The appellees argue that the basic purpose of the Workmen's Compensation Act is to provide compensation for the impairment of earning capacity of injured workers, and that a worker who is being compensated for a permanent and total disability is, in effect, being compensated for a total impairment of earning capacity, so that no further compensation under the Act is authorized. This argument is based on the truism that one's earning capacity cannot be more than totally impaired.

The weakness in this argument is that not all of the sections of our Workmen's Compensation Act are aimed exclusively at compensating for impairment of earning capacity. One notable exception is division (C) of Section 4123.57, Revised Code. *State, ex rel. Dudley,* v. *Industrial Commission,* 135 Ohio St. 121. We now find that another exception is division (B) of Section 4123.57, Revised Code, which is involved in this case.

A brief description of the first three parts of Section 4123.57, Revised Code, will help clarify the reasoning underlying our decision. Division (A) of this section allows the partially disabled employee to receive, within certain limitations, compensation for two-thirds of the impairment of his earning capacity while such impairment lasts. Under division (A) the award is clearly based on the theory of providing compensation for the actual impairment of earning capacity.

Division (C) allows the employee who has lost certain members of his body or sustained other listed injuries to receive two-thirds of his average weekly salary, within limitations, for the number of weeks specified in the statute for each particular type of loss or injury. Division (C) is not based on the impairment of earning capacity, and it has been held that benefits under this part may be received concurrently with benefits for a temporary and total disability. *State, ex rel. Dudley,* v. *Industrial Commission,*

*supra.* The award under this part is akin to general damages and not wage compensation.

Under division (B), the division involved in this case, an injured employee receives two-thirds of his average salary, within limitations, for the number of weeks that equals the percentage of his disability times 200. Division (B) is more like division (C) than division (A), despite the fact that the former is a direct alternative to division (A). As in division (C), the period of payment under division (B) is not based on the period of disability, but is based instead upon an arbitrary determination. Under division (B) this determination is made by the Industrial Commission when it decides the percentage of disability. In arriving at a percentage of disability the commission is to consider the extent of physical disability, the impairment of earning capacity and the vocational handicap of the employee. While impairment of earning capacity is thus considered, it is nevertheless not the only criterion, and it may not even be a major one. As Young, Workmen's Compensation Law of Ohio, Section 7.22, points out:

"An employee can receive a percentage of permanent partial disability award even though he is working at the time of the determination and is earning a higher wage than he did when he was injured. This benefit is not keyed to loss as are the other types of compensation. It is paid because the employee has a permanent physical disability as the result of his injury. The percentage award bears a closer resemblance to damages than it does to compensation. The deduction of temporary partial benefits, and the allowance of an upward adjustment when the degree of disability increases are inconsistent with a damage concept but the inescapable conclusion remains that a percentage award has a nature vastly different from that of the other forms of compensation."

With the damage-like nature of division (B) compensation in mind, we believe it is clear that the reference to "percentage of disability" therein, as it read before the amendment of October 1, 1963, was intended to serve only as a practical means of fixing the amount of one particular

award, and not as an absolute limit to accumulated awards. See *State, ex rel. Frank,* v. *Keller, supra.* The award under division (B) is like the award under division (C), but whereas injuries of the type covered by division (C) are so clear-cut and invariable as to warrant the fixing of the "damage" award by the General Assembly, the injuries covered by division (B) are infinitely variable, and therefore require some variable method of evaluation. The method chosen was based on the term "percentage of disability." We do not believe that the General Assembly intended by the mere use of this term that an injured workman in a case such as this one would go unpaid for a bona fide injury.

We find that division (B), as it existed at the time of appellant's injury, was sufficiently similar to division (C) and the damage concept found therein, and sufficiently dissimilar to other sections which attempt to compensate only for impairment of earning capacity, as to fall within the exception announced in *State, ex rel. Dudley,* v. *Industrial Commission, supra.*

The appellant is therefore entitled to payment of the injury award under division (B) of Section 4123.57, Revised Code, even though such payment will be concurrent with benefits being paid for permanent total disability due to silicosis.

The demurrers of the appellant should have been sustained, and counsel having agreed that the ruling of the Court of Appeals on the demurrers to the answers would be dispositive, this court reverses the judgment of the Court of Appeals and directs the allowance of the writ of mandamus.

*Judgment reversed.*

ZIMMERMAN, O'NEILL, HERBERT and SCHNEIDER, JJ., concur.

TAFT, C. J., and MATTHIAS, J., dissent.