THE STATE, EX REL. CONSOLIDATION COAL CO., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Consolidation Coal, v. Indus. Comm. (1980), 62 Ohio St. 2d 147.]

(No. 79-1377—Decided May 7, 1980.)

148

*Messrs. Kinder, Kinder & Hanlon* and *Mr. Gerald P. Duff,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Nancy J. Miller,* for appellee Industrial Commission.

*Mr. Robert Lancione,* for appellee claimant.

*Per Curiam.* The parties are in agreement that this action is properly brought in mandamus since it deals with the "extent of disability," and, therefore, is not appealable. See R. C. 4123.519; *Zavatsky* v. *Stringer* (1978), 56 Ohio St. 2d 386; *Miraglia* v. *B. F. Goodrich* (1980), 61 Ohio 2d 128.

The issue presented for our determination is whether R. C. 4123.57(B) precludes an award for a percentage of permanent partial disability after a claimant has already been determined to be permanently and totally disabled. R. C. 4123.57 deals with partial disability compensation. Division (B) of that section provides, in applicable part:

"No award shall be made under this division based upon a percentage of disability which, when taken with all other percentages of *permanent disability,* exceeds one hundred per cent.* * *" (Emphasis added.) The above language was added to R. C. 4123.57(B) by amendment effective October 1, 1963.

A nearly identical factual pattern involving the same issue, as presented in the instant action, was submitted for this court's determination in *State, ex rel. Latino,* v. *Indus. Comm.* (1968), 13 Ohio St. 2d 103. The injury in that case, however, occurred prior to the enactment of the amendment to R. C. 4123.57(B) and, thus, the language at issue in this case was not before the court in *State, ex rel. Latino, supra.* In that case we held that a claimant was entitled to compensation for permanent partial disability concurrently with permanent total disability compensation. Appellant contends in the cause *sub judice* that the amendment to R. C. 4123.57(B) changes the result reached by this court in *State, ex rel. Latino.* Appellant's rationale is that once a claimant is granted compensation for a permanent and total disability, the claimant is deemed 100 per-

cent disabled and, therefore, not entitled to further compensation for permanent partial disability due to the language in R. C. 4123.57(B).

Our determination is one which necessarily involves an interpretation of the intent of the General Assembly when it enacted the amendment to R. C. 4123.57(B). Appellant argues that the words "permanent disability" in R. C. 4123.57(B) refer to both permanent *partial* and permanent *total* disability. Thus, appellant contends, claimant is precluded from receiving a permanent partial award.

We have previously discussed the philosophy underlying the compensatory scheme for partial and total disability. In *State, ex rel. General Motors Corp.*, v. *Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282, we stated that "***a distinct difference exists between the goals of compensation for partial disability and permanent and total disability. Although an award for permanent and total disability is generally aimed at compensating for impairment of earning capacity, benefits for partial disability are more akin to damages for work-related injuries.***" This court, keeping in mind the differences in the compensatory goals, finds that claimant is entitled to an award of permanent partial compensation because he suffered a work-related back injury. This court is of the opinion that the General Assembly did not intend to preclude an award of permanent partial disability benefits as a result of a back injury to claimant, even though claimant was already receiving permanent total disability benefits as a result of coal miner's pneumoconiosis.

Although not controlling in our determination, we note the commentary by the Legislative Service Commission regarding the R. C. 4123.57(B) amendment. The commission stated that R. C. 4123.57 "[c]hanges the provisions with respect to *partial* disability benefits as follows:***(6) Provides that the total of all permanent *partial* percentage awards shall not exceed 100 per cent." (Emphasis added.) Legislative Service Commission Bill Analysis, Sub. Am. Sub. S. B. No. 131 (1963). See, also, Young, Ohio Workmen's Compensation Law (2 Ed. 1971) 718-719, Section 7.18.

The General Assembly, in R. C. 4123.95, requires that "Sections 4123.01 to 4123.94, inclusive, of the Revised Code

shall be liberally construed in favor of employees and the dependents of deceased employees." Our decision today carries out that mandate.

For the foregoing reasons, we affirm the judgment of the Court of Appeals denying the requested writ of mandamus.

*Judgment affirmed.*

HERBERT, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C. J., and W. BROWN, J., concur in the judgment only.

HOLMES, J., dissents.

WILLIAM B. BROWN, J., concurring in the judgment only.

Appellant *concedes* that had claimant's award for a percentage of permanent partial disability under R. C. 4123.57(B) occurred first, nothing in R. C. Chapter 4123 would preclude claimant from later receiving an award for permanent and total disability under R. C. 4123.58. If this is a *correct* statement of the law, it would not be in keeping with the philosophy of the Workers' Compensation Act to deny claimant his award for permanent partial disability herein merely because the sequence of his injuries was reversed or because claimant was not astute (fortunate?) enough to file his claim for permanent partial disability first.

I would grant appellee his award, but nevertheless concur only in the judgment because it has not been demonstrated that appellant's above concession reflects a correct interpretation of R. C. Chapter 4123. Moreover, I hesitate in approving a *permanent* disability award in excess of 100 percent because there has been no showing that such excessive awards are consistent with the funding premises of the scheme. I would withhold our approval until we have heard adequate arguments on these issues.

CELEBREZZE, C. J., concurs in the foregoing concurring opinion.

HOLMES, J., dissenting. It is my view that the words "permanent disability" in R. C. 4123.57(B) refer to both permanent *partial* and permanent *total* disability. Thus, appellee-

claimant is precluded from receiving a permanent partial award. I not only believe this to be the legislative intent, but also it is my position that the funding of the bureau is based upon such legal premise.