THE STATE, EX REL. MURRAY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

THE STATE, EX REL. SMIDDY, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State, ex rel. Murray, v. Indus. Comm.* (1992), 63 Ohio St.3d 473.]

(Nos. 90–657 and 91–42—Submitted January 7, 1992—Decided April 15, 1992.)

*R.E. Goforth Co., L.P.A.,* and *Terrance J. McGonegal,* for appellant Murray in case No. 90–657.

*Hanlon, Duff, & Paleudis Co., L.P.A.,* and *John G. Paleudis,* for appellee Consolidation Coal Company in case No. 90–657.

*Dorf & Rife, Joan H. Rife* and *Michael D. Dorf,* for relator Smiddy in case No. 91–42.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Dennis L. Hufstader,* for appellee and respondent Industrial Commission of Ohio in case Nos. 90–657 and 91–42.

*Per Curiam.* Two questions are now before us: (1) Does claimant have an adequate remedy at law, thus precluding mandamus relief? and (2) Can a claimant concurrently receive PPD and PTD for the same injury? For the following reasons, we answer both questions in the negative.

We preliminarily reject the contention of appellee Consolidation Coal Company that an appeal to the court of common pleas under R.C. 4123.519 provides an adequate remedy at law. A claimant's ability or inability to concurrently receive PPD and PTD for the same condition does not involve claimant's right to participate in the State Insurance Fund and is not appealable. See *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175.

The merit issue raised by claimants herein also lacks merit. While not expressly addressing the contemporaneous payment of PPD and PTD for the same injury, former R.C. 4123.57 evinces a legislative intent to prohibit simultaneous receipt of these benefits.

The former versions of R.C. 4123.57(D), applicable at the time of claimant's injuries herein, elaborately specify that compensation for partial disability under former R.C. 4123.57(B) shall be in addition to compensation for periods of temporary total disability. Reference to concurrent payment of PPD and PTD benefits is conspicuously absent. Equally significant, the former versions of R.C. 4123.57(A) prohibit an application for PPD earlier than forty weeks after the date of termination of the latest period of total disability. This latter provision effectively prevents concurrent payment and, in the cases at bar, justifies the dismissal of claimants' PPD applications, *i.e.*, if the *permanent total* disability compensation is ongoing, then the requisite forty-week waiting period obviously has not elapsed.

Claimant Murray's reliance on *State, ex rel. Latino, v. Indus. Comm.* (1968), 13 Ohio St.2d 103, 42 O.O.2d 324, 234 N.E.2d 912, and *State, ex rel. Consolidation Coal Co., v. Indus. Comm.* (1980), 62 Ohio St.2d 147, 16 O.O.3d 166, 404 N.E.2d 141, is misplaced. Those decisions, unlike the cases at bar, involved concurrent receipt of PPD and PTD for *different* injuries. They are not controlling here.

We turn next to claimant Smiddy's assertion of an equal protection violation. His contention apparently contemplates comparison of a claimant who is permanently and totally disabled immediately upon injury as against one whose permanent and total disability occurs gradually. While the latter may receive PPD during the time preceding the onset of permanent and total disability, the claimant whose permanent total disability is simultaneous with injury is precluded from receiving PPD.

Claimant's asserted equal protection violation is unpersuasive. To prevail under the present facts, claimant must demonstrate that the commission, for reasons unrelated to a legitimate state interest, is treating similarly situated claimants differently. *McGowan v. Maryland* (1961), 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.

In this case, there is neither disparate treatment, nor the requisite group of similarly situated individuals. As to the latter requirement, we do not find that a claimant who was never partially disabled is similarly situated to one who was. It does not violate equal protection to deny benefits to one who does not meet the eligibility criteria, while awarding the same benefits to one who does.

We also find no disparate treatment. At this point, any PPD paid to a claimant would be in addition to the PTD he is already receiving. Denial of concurrent payment would result in disparate treatment only if it were shown that the commission was making contemporaneous payment of these two benefits to others. This has not been shown here.

Accordingly, we affirm the judgment of the court of appeals in case No. 90–657, and deny the writ of mandamus in case No. 91–42.

*Judgment affirmed in case No. 90–657.*

*Writ denied in case No. 91–42.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.