THE STATE EX REL. LITTEN, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Litten v. Indus.
Comm.* (1992), 65 Ohio St.3d 178.]

(No. 92–80—Submitted October 13, 1992—Decided December 9, 1992.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellee.

*Lee I. Fisher,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

---

*Per Curiam.* An award for permanent total disability in one claim does not bar permanent partial disability in another, so long as the injuries affect different areas of the body. *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1980), 62 Ohio St.2d 147, 149, 16 O.O.3d 166, 167, 404 N.E.2d 141, 143, quoting *State ex rel. Gen. Motors Corp. v. Indus. Comm.* (1975), 42 Ohio St.2d 278, 282, 71 O.O.2d 255, 257, 328 N.E.2d 387, 389. The present claimant has two workers' compensation claims and argues that the one hundred percent allocation to a single claim represents a total attribution of permanent total disability to that claim, freeing him to seek permanent partial disability in the other. The commission counters that the one hundred percent allocation is unrelated to disability and does not establish that permanent total disability was attributed exclusively to the named claim. We disagree.

There must be a connection between disability and a claim in which compensation is paid. *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1 (requires causal relationship between disability and injury), R.C. 4123.62 (requires relationship between injury and claim in which compensation is paid). Thus, the commission's claim that its allocation is totally unrelated to disability is unpersuasive. This mandatory causal relationship also undermines the commission's suggestion that the allocation was made to the claim in which claimant would receive the highest weekly rate of compensation. The commission, for whatever reason, cannot assign the cost of the award to a particular claim without that claim's allowed conditions, to some degree, contributing to the permanent total disability.

The commission's present order is not ambiguous—it expressly assigned one hundred percent of the cost to a single claim. It could just as easily have designated a fifty-fifty split (or any other combination) between the claims but it did not. Therefore, where the commission allocates one hundred percent of an award's costs to a single claim, it must be assumed that the commission found the claim to be the sole cause of the claimant's permanent total disability. The commission thus abused its discretion in dismissing claimant's application for compensation for permanent partial disability in claim No. PE2677033.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.