THE STATE EX REL. MISSIK, APPELLANT, *v.* CITY
OF YOUNGSTOWN ET AL., APPELLEES.

[Cite as *State ex rel. Missik v. Youngstown*
(1992), 65 Ohio St.3d 189.]

(No. 92–155—Submitted October 13, 1992—Decided December 9, 1992.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* Ronald E. *Slipski* and *Steven L. Paulson,* for appellant.

*Lee I. Fisher,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

---

*Per Curiam.*  Pursuant to our decision in *State ex rel. Litten v. Indus. Comm.* (1992), 65 Ohio St.3d 178, 602 N.E.2d 624, we find that the commission's permanent total disability finding, by attributing the award's costs exclusively to PEL3212, did not encompass PEL4593 and PE626746.  We thus find that the commission abused its discretion in dismissing claimant's permanent partial disability application in PEL4593.  However, because PEL3212 and PE626746 both involve back injuries, the commission did not err in dismissing claimant's permanent partial disability application in the latter claim.  *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1980), 62 Ohio St.2d 147, 16 O.O.3d 166, 404 N.E.2d 141.

We thus affirm that portion of the appellate judgment that found no abuse of discretion by the commission in dismissing claimant's permanent partial disability application in PE626746.  The balance of the judgment is reversed. We order the commission to consider the merits of the application in PEL4593.

> *Judgment affirmed in part,*
> *reversed in part*
> *and writ granted in part.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.