[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 560.]

[THE STATE EX REL.] HOSKINS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Hoskins v. Indus. Comm*., 2000-Ohio-484.]

*Workers' compensation—Permanent partial and permanent total disability*
*compensation cannot be concurrently paid for the same conditions.*

(No. 98-73–Submitted November 16, 1999–Decided January 26, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD08-1108.

————————

{¶ 1} Claimant-appellant, James L. Hoskins, was industrially injured in 1978 while working for Wermer Construction Company, and his workers' compensation claim was allowed. On August 21, 1990, claimant was awarded permanent partial disability compensation ("PPD") by appellee Industrial Commission of Ohio from November 11, 1988 to May 24, 1990. In 1993, claimant was granted permanent total disability compensation ("PTD"), with a backdated award beginning on December 2, 1988. The PTD order also deducted, from the award, the amount of PPD paid claimant from December 2, 1988 through May 24, 1990.

{¶ 2} In 1996, claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in deducting the amount of PPD from his PTD award. The court of appeals denied the writ.

{¶ 3} The cause is now before this court upon an appeal as of right.

————————

*Philip J. Fulton & Assoc*. and *William A. Thorman III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jonathan A. Good*, Assistant Attorney General, for appellee.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

---

***Per Curiam.***

**{¶ 4}** In *State ex rel. Murray v. Indus. Comm.* (1992), 63 Ohio St.3d 473, 588 N.E.2d 855, we held that permanent partial and permanent total disability compensation could not be concurrently paid for the same conditions. Claimant attempts to distinguish *Murray* by pointing out that, unlike here, the claimant in *Murray* received PTD first. We find this distinction to be without consequence, since, regardless of the sequence of payment, claimant is still effectively alleging that the same conditions are simultaneously partially and totally disabling.

**{¶ 5}** Claimant argues that under the payment mechanics of R.C. 4123.57, the period over which PPD is paid does not necessarily correspond to the period of partial disability alleged. While sometimes true, the fact remains that in this case, the claimant would still receive compensation for total disability and compensation for partial disability for the same conditions at the same time. This is not appropriate.

**{¶ 6}** Finally, claimant argues that PPD is unique, being the only form of compensation that resembles a damages award. As such, he contends that contemporaneous payment does not offend any notion of "double recovery." Claimant, however, overlooks the offset provisions of former R.C. 4123.57(D), which demonstrate that the "special character" of PPD does not immunize it from offset from other types of compensation, including that for impaired earning capacity, which is of the same character as PTD.

**{¶ 7}** For all of these reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

————————————————