[THE STATE EX REL.] HOSKINS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE, ET AL.

[Cite as *State ex rel. Hoskins v. Indus.
Comm.* (2000), 87 Ohio St.3d 560.]

(No. 98–73—Submitted November 16, 1999—Decided January 26, 2000.)

*Philip J. Fulton & Assoc.* and *William A. Thorman III,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jonathan A. Good,* Assistant
Attorney General, for appellee.

*Stewart Jaffy & Assoc. Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* urging
reversal for *amicus curiae,* Ohio Academy of Trial Lawyers.

***Per Curiam.*** In *State ex rel. Murray v. Indus. Comm.* (1992), 63 Ohio St.3d
473, 588 N.E.2d 855, we held that permanent partial and permanent total
disability compensation could not be concurrently paid for the same conditions.
Claimant attempts to distinguish *Murray* by pointing out that, unlike here, the
claimant in *Murray* received PTD first. We find this distinction to be without
consequence, since, regardless of the sequence of payment, claimant is still
effectively alleging that the same conditions are simultaneously partially and
totally disabling.

Claimant argues that under the payment mechanics of R.C. 4123.57, the period over which PPD is paid does not necessarily correspond to the period of partial disability alleged. While sometimes true, the fact remains that in this case, the claimant would still receive compensation for total disability and compensation for partial disability for the same conditions at the same time. This is not appropriate.

Finally, claimant argues that PPD is unique, being the only form of compensation that resembles a damages award. As such, he contends that contemporaneous payment does not offend any notion of "double recovery." Claimant, however, overlooks the offset provisions of former R.C. 4123.57(D), which demonstrate that the "special character" of PPD does not immunize it from offset from other types of compensation, including that for impaired earning capacity, which is of the same character as PTD.

For all of these reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.