[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-8024.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-8024

THE STATE EX REL OHIO PRESBYTERIAN RETIREMENT SERVICES, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Presbyterian Retirement Servs., Inc. v. Indus. Comm.*, Slip Opinion No. 2016-Ohio-8024.]

*Workers' compensation—Industrial Commission does not have authority to award an injured worker permanent-partial-disability compensation under R.C. 4123.57(A) when the worker has been previously found to be permanently totally disabled under R.C. 4123.58 in the same claim.*

(No. 2015-1074—Submitted May 3, 2016—Decided December 8, 2016.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-624, 2015-Ohio-2122.

_____

**Per Curiam**.

{¶ 1} Appellee Sherry L. Redwine was receiving permanent-total-disability benefits based solely on the psychological condition in her workers' compensation

claim. She subsequently applied for permanent-partial-disability benefits based upon the physical conditions in the same claim.

{¶ 2} Appellee Industrial Commission determined that an injured worker is not barred from receiving compensation for permanent partial disability for a condition or conditions in a claim that formed no part of the basis for a prior finding of permanent total disability in the same claim. Redwine's employer, appellant, Ohio Presbyterian Retirement Services, Inc. ("OPRS"), filed a complaint in the Tenth District Court of Appeals seeking a writ of mandamus to compel the commission to vacate its order. The court of appeals denied the writ.

{¶ 3} We hold that the commission has no authority to award an injured worker permanent-partial-disability compensation under R.C. 4123.57(A) when the worker has been previously found to be permanently totally disabled under R.C. 4123.58 in the same claim, even when the new finding is based on a condition or conditions in the claim that formed no part of the basis for the prior finding of permanent total disability. Therefore, we reverse the judgment of the court of appeals and grant OPRS's request for a writ of mandamus.

## I. Background

{¶ 4} On August 13, 2003, Sherry Redwine was injured at work. She filed a workers' compensation claim that was allowed for the following conditions: lumbosacral strain, radiculopathy right lower extremity, aggravation of pre-existing degenerative disc disease, depression, and ruptured disc at L4-5 with free disc fragment.

{¶ 5} Redwine applied for permanent-total-disability compensation. The commission concluded that Redwine was unable to perform any sustained remunerative employment due solely to the medical impairment caused by the allowed psychological condition in her claim and awarded her benefits beginning July 12, 2010, to continue until her death. The commission relied on the medical reports of Roberto Madrigal, Ph.D., Thomas W. Heitkemper, Ph.D., and Michael

E. Miller, M.D. Because the decision was based exclusively on a medical condition, the commission was not required to consider any nonmedical disability factors.

{¶ 6} In August 2013, Redwine applied for permanent-partial-disability compensation. She conceded that she was not entitled to permanent-partial-disability benefits for her psychological condition (for which she had been granted permanent-total-disability compensation), but she maintained that she was entitled to this award based on the physical conditions allowed in her claim.

{¶ 7} A district hearing officer denied her application based on a lack of statutory authority for concurrent awards under R.C. 4123.57(A) and 4123.58. In addition, the hearing officer noted that the physical and psychological conditions were the result of the same workplace injury and under *State ex rel. Murray v. Indus. Comm.*, 63 Ohio St.3d 473, 588 N.E.2d 855 (1992), a claimant is precluded from receiving simultaneous benefits for permanent partial disability and permanent total disability for the same injury.

{¶ 8} On reconsideration, a staff hearing officer concluded that a claimant is not barred from concurrent compensation for permanent partial disability if it is based on *conditions* that were *not* the basis for the prior finding of permanent total disability in the same claim. The hearing officer relied in part on the commission's analysis of the same issue in claim No. 02-354357 involving a different injured worker. In that case, the commission determined that the analysis of concurrent awards focuses on an injured worker's allowed medical *conditions*, not the injury or claim, citing *State ex rel. Missik v. Youngstown*, 65 Ohio St.3d 189, 602 N.E.2d 633 (1992), and *State ex rel. Hoskins v. Indus. Comm.*, 87 Ohio St.3d 560, 722 N.E.2d 66 (2000).

{¶ 9} OPRS filed a complaint for a writ of mandamus, alleging that there was no statutory authority for the commission's order and therefore it was not supported by some evidence. A magistrate determined that the writ should be

denied. The magistrate relied on *State ex rel. Mosley v. Indus. Comm.*, 10th Dist. Franklin No. 13AP-127, 2014-Ohio-1710, and concluded that because the psychological condition formed the basis for the permanent-total-disability award, Redwine's physical conditions could be the basis of permanent-partial-disability compensation. The court of appeals adopted the magistrate's decision and denied the writ.

{¶ 10} This matter is before the court on the direct appeal of OPRS.

## II. Analysis

{¶ 11} OPRS seeks an extraordinary writ of mandamus to compel the commission to vacate its decision of July 24, 2014, in which the commission concluded that an injured worker is not barred from receiving compensation for permanent partial disability for a condition or conditions in a claim that were not a basis for a prior finding of permanent total disability in the same claim. According to OPRS, the commission's decision was an abuse of discretion because there is no statutory authority for concurrent payment of permanent-partial-disability and permanent-total-disability compensation in the same claim.

{¶ 12} A mandatory writ may issue against the commission if it has incorrectly interpreted Ohio law. *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65, 322 N.E.2d 660 (1975). The issue before us is whether the commission's decision to consider Redwine's application for permanent-partial-disability benefits, after she was previously awarded compensation for permanent total disability in the same claim, was supported by the law. We find that it was not.

## A. Statutory authority is absent

{¶ 13} Compensation rights for injured workers are limited to those conferred by statute. *Westenberger v. Indus. Comm.*, 135 Ohio St. 211, 213, 20 N.E.2d 252 (1939). R.C. 4123.54 provides that with certain exceptions, every employee who is injured in the course of employment is entitled to receive

compensation for loss sustained on account of the injury and such medical services as are provided by the Workers' Compensation Act.

{¶ 14} There are two types of compensation at issue in this case. Compensation for permanent partial disability is authorized by R.C. 4123.57(A) for "the percentage of the employee's permanent disability * * * based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment." It is intended to compensate injured claimants who can still work. *State ex rel. Kaska v. Indus. Comm.*, 63 Ohio St.3d 743, 746, 591 N.E.2d 235 (1992).

{¶ 15} Compensation for vocational permanent total disability is authorized by R.C. 4123.58(A) when "the allowed conditions either alone or with nonmedical disability factors render the claimant unable to do sustained remunerative work." *State ex rel. Miller v. Indus. Comm.*, 97 Ohio St.3d 418, 2002-Ohio-6664, 780 N.E.2d 268, ¶ 8. The purpose of permanent-total-disability benefits is "to compensate an injured worker for impairment of earning capacity." Ohio Adm.Code 4121-3-34(B)(1).

{¶ 16} In certain limited instances, the General Assembly has provided for payment of concurrent awards. For instance, R.C. 4123.57(C) authorizes compensation for partial impairment in addition to temporary-total-disability compensation pursuant to R.C. 4123.56, and R.C. 4123.58(E) authorizes compensation for permanent total disability in addition to scheduled loss benefits under R.C. 4123.57(B). However, neither R.C. 4123.57 nor 4123.58 expressly authorizes concurrent payment of permanent-partial-disability and permanent-total-disability compensation. The conspicuous absence of any reference to concurrent payment of benefits in the statute "evinces a legislative intent to prohibit

simultaneous receipt of these benefits." *Murray*, 63 Ohio St.3d at 475, 588 N.E.2d 855.[1]

{¶ 17} The court of appeals in this case justified its decision based on R.C. 4123.95, which mandates a liberal construction of the pertinent statutes in favor of injured workers. OPRS, citing *Armstrong v. John R. Jurgensen Co.*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, and *State ex rel. Williams v. Colasurd*, 71 Ohio St.3d 642, 644, 646 N.E.2d 830 (1995), argues that R.C. 4123.95 does not allow a court to read into a statute something that cannot reasonably be implied from the statute's language. We agree. R.C. 4123.95 does not authorize courts to alter the meaning of unambiguous statutory language. *Armstrong*, ¶ 13. Thus, the court of appeals could not read into either R.C. 4123.57 or 4123.58 authority to award concurrent permanent-partial-disability and permanent-total-disability compensation.

## B. Case law does not support concurrent benefits in the same claim

{¶ 18} OPRS also argued that case law does not support concurrent awards of permanent-total-disability and permanent-partial-disability compensation in the same claim.

{¶ 19} This court has sanctioned payment of concurrent permanent-partial-disability and permanent-total-disability compensation in limited circumstances. In *State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 62 Ohio St.2d 147, 404 N.E.2d 141 (1980), the claimant had been found to be permanently and totally disabled as a result of coal miner's pneumoconiosis. He had filed a separate claim for a work-related low-back injury and had been awarded permanent-partial-

---

[1] *Murray* construed a version of R.C. 4123.57 in effect prior to 1986. In 1986, the statute was amended to eliminate temporary-partial-disability compensation and to limit a claimant's filing of an application for permanent-partial-disability compensation from after the "latest period of total disability" to the "latest period of payments [for temporary total disability]," a change most likely intended to reflect the statute's elimination of temporary partial disability. Am.Sub.S.B. No. 307, 141 Ohio Laws, Part I, 767.

disability compensation. The court held that the claimant was entitled to permanent-partial-disability compensation for the back injury even though he was already receiving permanent-total-disability benefits as a result of coal miner's pneumoconiosis in a different claim. *Id*. at 149. The court reasoned that this was consistent with the philosophy underlying the different types of compensation—an award for permanent and total disability is generally aimed at compensating for impairment of earning capacity, while benefits for partial disability are more akin to damages for work-related injuries. *Id*., citing *State ex rel. Gen. Motors Corp. v. Indus. Comm*, 42 Ohio St.2d 278, 282, 328 N.E.2d 387 (1975).

{¶ 20} In *State ex rel. Litten v. Indus. Comm.*, 65 Ohio St.3d 178, 602 N.E.2d 624 (1992), we agreed, following *Consolidation Coal*, that the claimant was eligible to pursue permanent-partial-disability compensation for his foot injury while receiving permanent-total-disability compensation for medical conditions involving the wrist, back, and shoulder in a *different* claim.

{¶ 21} Likewise, in *Missik*, 65 Ohio St.3d 189, 602 N.E.2d 633, we held that an award of permanent-total-disability compensation based on the injured worker's back injury in one claim did not bar eligibility for permanent-partial-disability compensation for a neck and shoulder injury in a different claim.

{¶ 22} In other cases, we disapproved concurrent or overlapping compensation in the *same* claim. *Murray*, 63 Ohio St.3d 473, 588 N.E.2d 855, decided consolidated cases, each involving a claimant who had been declared permanently and totally disabled as a result of workplace injury not specifically identified in the opinion. Each claimant later applied for permanent-partial-disability compensation for the same injury. *Murray* holds that a claimant may not concurrently receive compensation for permanent partial disability and permanent total disability for the *same injury*. The court noted that any statutory "[r]eference to concurrent payment of [permanent-partial-disability] and [permanent-total-disability] benefits is conspicuously absent." *Id*. at 475.

**{¶ 23}** In *Hoskins*, 87 Ohio St.3d 560, 722 N.E.2d 66, the claimant was receiving permanent-partial-disability compensation for a work-related injury (not identified in the opinion), and the commission later granted permanent-total-disability compensation in the *same claim*. There was a period during which the payment of the two awards overlapped. Citing *Murray*, we held that a claimant could not receive both types of compensation for the same *conditions* at the same time, regardless of the sequence of payment.

**{¶ 24}** The interchangeable use of the terms "injury," "body part," and "condition," without additional clarification, has resulted in the inconsistent application of the law. *Murray,* 63 Ohio St.3d 473, 588 N.E.2d 855, considered concurrent awards for the same "injury" within the context of one claim. The court did not identify the injury, so we may infer that the court intended to include *all* allowed conditions by its use of the word "injury." *Hoskins* focused on the sequence of the concurrent payments for the same injury (also not identified) within one claim. We concluded that it was inappropriate for the two types of benefits to overlap in the same claim.

**{¶ 25}** To clarify any perceived inconsistencies in our prior cases, we reiterate that for purposes of workers' compensation, an "injury" is "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."[2] R.C. 4123.01(C). A work-related injury is the occurrence that triggers the filing of a report with the Bureau of Workers' Compensation to open a claim.

**{¶ 26}** Once the claim is approved, the injured worker is entitled to receive compensation and benefits for only the allowed medical condition or conditions set forth in the claim. *Ward v. Kroger Co.*, 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10. The allowed conditions are narrowly defined medical diagnoses

---

[2] A claim may also be initiated as a result of an occupational disease or accidental death that occurred in the course of employment. Because this claim does not involve either, we address only injuries.

supported by medical documentation. Multiple allowed conditions may be associated with a particular body part. In addition, a psychiatric condition must arise from a work-related injury or occupational disease to be an allowed condition that is compensable. R.C. 4123.01(C)(1).

### III. Conclusion

{¶ 27} There is no authority for the commission to award an injured worker permanent-partial-disability compensation under R.C. 4123.57(A) when there has been a prior award of permanent-total-disability compensation under R.C. 4123.58 in the same claim. The commission abused its discretion when it decided to consider Redwine's application for permanent-partial-disability compensation in the same claim in which she was already receiving permanent-total-disability compensation. Thus, we reverse the judgment of the court of appeals denying OPRS's complaint for a writ of mandamus.

{¶ 28} Our opinion today is consistent with the overall purpose of Ohio's workers' compensation system, which is to provide to workers compensation for loss sustained on account of a workplace injury. *Armstrong*, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 9. Our conclusion is also reinforced by the purpose of permanent-total-disability compensation—to compensate for the impairment of earning capacity. These are lifetime benefits paid to an injured worker for "the inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio Adm.Code 4121-3-34(B)(1). It logically follows that a claimant who is receiving permanent-total-disability compensation is ineligible for concurrent permanent-partial-disability compensation based on a different condition in the same claim.

{¶ 29} OPRS demonstrated a clear right to the relief requested and a clear legal duty on the part of the commission to provide the relief. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d

1075, ¶ 9. We therefore reverse the judgment of the court of appeals and grant a writ of mandamus.

Judgment reversed

and writ granted.

O'CONNOR, C.J., and O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

PFEIFER, J., dissents, with an opinion joined by O'NEILL, J.

_____

**PFEIFER, J., dissenting.**

{¶ 30} The majority opinion correctly points out that this court has sanctioned payment of concurrent permanent-partial-disability and permanent-total-disability benefits for various injured claimants in the past. Majority opinion at ¶ 19. The reason concurrent payment of these benefits is sometimes necessary is that the purpose of permanent-total-disability compensation (to compensate for impairment of earnings capacity) is different from the purpose of permanent-partial-disability compensation (to compensate for work-related injuries). *State ex rel. Consolidation Coal Co. v. Indus. Comm.*, 62 Ohio St.2d 147, 149, 404 N.E.2d 141 (1980), citing *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 42 Ohio St.2d 278, 282, 328 N.E.2d 387 (1975).

{¶ 31} In this case, the claimant received an award of permanent-total-disability benefits because her psychological condition makes it impossible for her to perform sustained remunerative employment. She also sought compensation for work-related physical injuries. The staff hearing officer concluded that the injuries were not the basis for the award of permanent-total-disability benefits and awarded concurrent permanent-partial-disability benefits based on the claimant's physical injuries.

{¶ 32} The court of appeals affirmed the award of concurrent benefits. Today, this court reverses the court of appeals, stating that the commission does not

have statutory authority to award concurrent benefits, even though nothing in the statutory scheme specifically prohibits granting concurrent benefits.

{¶ 33} I acknowledge that the statutory scheme also does not specifically allow concurrent benefits. Unlike the majority, I do not assume that that means concurrent benefits are prohibited. Instead, I read the statutory scheme liberally in favor of the injured claimant, as required by R.C. 4123.95.

{¶ 34} If the public policy of this state, as evidenced by the enactments of the General Assembly, does not countenance the award of concurrent benefits, the General Assembly could easily amend the statutory scheme. But even though concurrent benefits have been awarded in the past, as noted in the majority opinion, the General Assembly has not evinced its desire to prohibit concurrent benefits. Therefore, I would allow concurrent benefits in this case.

{¶ 35} I would affirm the court of appeals. I dissent.

O'NEILL, J., concurs in the foregoing opinion.

_____

Vorys, Sater, Seymour & Pease, L.L.P., and Rosemary D. Welsh, for appellant.

Michael DeWine, Attorney General, and Andrew Alatis, Assistant Attorney General, for appellee Industrial Commission.

Robert A. Muehleisen, for appellee Sherry L. Redwine.

Philip J. Fulton Law Office, Philip J. Fulton and Chelsea J. Fulton, for amici curiae Ohio Association of Claimants' Council and Ohio Association for Justice.

Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, for amicus curiae Ohio Self-Insurers Association.

Garvin & Hickey, L.L.C., Preston J. Garvin and Michael J. Hickey, for amicus curiae Ohio Chamber of Commerce.

_____