Per Curiam.
{¶ 1} Appellee Sherry L. Redwine was receiving permanent-total-disability benefits based solely on the psychological condition in her workers’ compensation claim. She subsequently applied for permanent-partial-disability benefits based upon the physical conditions in the same claim.
{¶ 2} Appellee Industrial Commission determined that an injured worker is not barred from receiving compensation for permanent partial disability for a condition or conditions in a claim that formed no part of the basis for a prior finding of permanent total disability in the same claim. Redwine’s employer, appellant, Ohio Presbyterian Retirement Services, Inc. (“OPRS”), filed a complaint in the Tenth District Court of Appeals seeking a writ of mandamus to compel the commission to vacate its order. The court of appeals denied the writ.
{¶ 3} We hold that the commission has no authority to award an injured worker permanent-partial-disability compensation under R.C. 4123.57(A) when the worker has been previously found to be permanently totally disabled under R.C. 4123.58 in the same claim, even when the new finding is based on a condition or conditions in the claim that formed no part of the basis for the prior finding of permanent total disability. Therefore, we reverse the judgment of the court of appeals and grant OPRS’s request for a writ of mandamus.
I. Background
{¶ 4} On August 13, 2003, Sherry Redwine was injured at work. She filed a workers’ compensation claim that was allowed for the following conditions: lumbosacral strain, radiculopathy right lower extremity, aggravation of preexisting degenerative disc disease, depression, and ruptured disc at L4-5 with free disc fragment.
{¶ 5} Redwine applied for permanent-total-disability compensation. The commission concluded that Redwine was unable to perform any sustained remunerative employment due solely to the medical impairment caused by the allowed psychological condition in her claim and awarded her benefits beginning July 12, 2010, to continue until her death. The commission relied on the medical reports of Roberto Madrigal, Ph.D., Thomas W. Heitkemper, Ph.D., and Michael E. *104 Miller, M.D. Because the decision was based exclusively on a medical condition, the commission was not required to consider any nonmedical disability factors.
{¶ 6} In August 2013, Redwine applied for permanent-partial-disability compensation. She conceded that she was not entitled to permanent-partial-disability benefits for her psychological condition (for which she had been granted permanent-total-disability compensation), but she maintained that she was entitled to this award based on the physical conditions allowed in her claim.
{¶ 7} A district hearing officer denied her application based on a lack of statutory authority for concurrent awards under R.C. 4123.57(A) and 4123.58. In addition, the hearing officer noted that the physical and psychological conditions were the result of the same workplace injury and under State ex rel. Murray v. Indus. Comm., 63 Ohio St.3d 473, 588 N.E.2d 855 (1992), a claimant is precluded from receiving simultaneous benefits for permanent partial disability and permanent total disability for the same injury.
{¶ 8} On reconsideration, a staff hearing officer concluded that a claimant is not barred from concurrent compensation for permanent partial disability if it is based on conditions that were not the basis for the prior finding of permanent total disability in the same claim. The hearing officer relied in part on the commission’s analysis of the same issue in claim No. 02-354357 involving a different injured worker. In that case, the commission determined that the analysis of concurrent awards focuses on an injured worker’s allowed medical conditions, not the injury or claim, citing State ex rel. Missik v. Youngstown, 65 Ohio St.3d 189, 602 N.E.2d 633 (1992), and State ex rel. Hoskins v. Indus. Comm., 87 Ohio St.3d 560, 722 N.E.2d 66 (2000).
{¶ 9} OPRS filed a complaint for a writ of mandamus, alleging that there was no statutory authority for the commission’s order and therefore it was not supported by some evidence. A magistrate determined that the writ should be denied. The magistrate relied on State ex rel. Mosley v. Indus. Comm., 10th Dist. Franklin No. 13AP-127, 2014-Ohio-1710, 2014 WL 1612681, and concluded that because the psychological condition formed the basis for the permanent-total-disability award, Redwine’s physical conditions could be the basis of permanent-partial-disability compensation. The court of appeals adopted the magistrate’s decision and denied the writ.
{¶ 10} This matter is before the court on the direct appeal of OPRS.
II. Analysis
{If 11} OPRS seeks an extraordinary writ of mandamus to compel the commission to vacate its decision of July 24, 2014, in which the commission concluded that an injured worker is not barred from receiving compensation for permanent partial disability for a condition or conditions in a claim that were not a basis for *105 a prior finding of permanent total disability in the same claim. According to OPRS, the commission’s decision was an abuse of discretion because there is no statutory authority for concurrent payment of permanent-partial-disability and permanent-total-disability compensation in the same claim.
{¶ 12} A mandatory writ may issue against the commission if it has incorrectly interpreted Ohio law. State ex rel. Gassmann v. Indus. Comm., 41 Ohio St.2d 64, 65, 322 N.E.2d 660 (1975). The issue before us is whether the commission’s decision to consider Redwine’s application for permanent-partial-disability benefits, after she was previously awarded compensation for permanent total disability in the same claim, was supported by the law. We find that it was not.
A. Statutory authority is absent
{¶ 13} Compensation rights for injured workers are limited to those conferred by statute. Westenberger v. Indus. Comm., 135 Ohio St. 211, 213, 20 N.E.2d 252 (1939). R.C. 4123.54 provides that with certain exceptions, every employee who is injured in the course of employment is entitled to receive compensation for loss sustained on account of the injury and such medical services as are provided by the Workers’ Compensation Act.
{¶ 14} There are two types of compensation at issue in this case. Compensation for permanent partial disability is authorized by R.C. 4123.57(A) for “the percentage of the employee’s permanent disability * * * based upon that condition of the employee resulting from the injury or occupational disease and causing permanent impairment.” It is intended to compensate injured claimants who can still work. State ex rel. Kasha v. Indus. Comm., 63 Ohio St.3d 743, 746, 591 N.E.2d 235 (1992).
{¶ 15} Compensation for vocational permanent total disability is authorized by R.C. 4123.58(A) when “the allowed conditions either alone or with nonmedical disability factors render the claimant unable to do sustained remunerative work.” State ex rel. Miller v. Indus. Comm., 97 Ohio St.3d 418, 2002-Ohio-6664, 780 N.E.2d 268, ¶ 8. The purpose of permanent-total-disability benefits is “to compensate an injured worker for impairment of earning capacity.” Ohio Adm.Code 4121-3-34(B)(1).
{¶ 16} In certain limited instances, the General Assembly has provided for payment of concurrent awards. For instance, R.C. 4123.57(C) authorizes compensation for partial impairment in addition to temporary-total-disability compensation pursuant to R.C. 4123.56, and R.C. 4123.58(E) authorizes compensation for permanent total disability in addition to scheduled loss benefits under R.C. 4123.57(B). However, neither R.C. 4123.57 nor 4123.58 expressly authorizes concurrent payment of permanent-partial-disability and permanent-total-disability compensation. The conspicuous absence of any reference to concurrent *106 payment of benefits in the statute “evinces a legislative intent to prohibit simultaneous receipt of these benefits.” Murray, 63 Ohio St.3d at 475, 588 N.E.2d 855.[1]
{¶ 17} The court of appeals in this case justified its decision based on R.C. 4123.95, which mandates a liberal construction of the pertinent statutes in favor of injured workers. OPRS, citing Armstrong v. John R. Jurgensen Co., 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 13, and State ex rel. Williams v. Colasurd, 71 Ohio St.3d 642, 644, 646 N.E.2d 830 (1995), argues that R.C. 4123.95 does not allow a court to read into a statute something that cannot reasonably be implied from the statute’s language. We agree. R.C. 4123.95 does not authorize courts to alter the meaning of unambiguous statutory language. Armstrong, ¶ 13. Thus, the court of appeals could not read into either R.C. 4123.57 or 4123.58 authority to award concurrent permanent-partial-disability and permanent-total-disability compensation.
B. Case law does not support concurrent benefits in the same claim
{¶ 18} OPRS also argued that case law does not support concurrent awards of permanent-total-disability and permanent-partial-disability compensation in the same claim.
{¶ 19} This court has sanctioned payment of concurrent permanent-partial-disability and permanent-total-disability compensation in limited circumstances. In State ex rel. Consolidation Coal Co. v. Indus. Comm., 62 Ohio St.2d 147, 404 N.E.2d 141 (1980), the claimant had been found to be permanently and totally disabled as a result of coal miner’s pneumoconiosis. He had filed a separate claim for a work-related low-back injury and had been awarded permanent-partial-disability compensation. The court held that the claimant was entitled to permanent-partial-disability compensation for the back injury even though he was already receiving permanent-total-disability benefits as a result of coal miner’s pneumoconiosis in a different claim. Id. at 149. The court reasoned that this was consistent with the philosophy underlying the different types of compensation—an award for permanent and total disability is generally aimed at compensating for impairment of earning capacity, while benefits for partial disability are *107 more akin to damages for work-related injuries. Id., citing State ex rel. Gen. Motors Corp. v. Indus. Comm, 42 Ohio St.2d 278, 282, 328 N.E.2d 387 (1975).
{¶ 20} In State ex rel. Litten v. Indus. Comm., 65 Ohio St.3d 178, 602 N.E.2d 624 (1992), we agreed, following Consolidation Coal, that the claimant was eligible to pursue permanent-partial-disability compensation for his foot injury while receiving permanent-total-disability compensation for medical conditions involving the wrist, back, and shoulder in a different claim.
{¶ 21} Likewise, in Missik, 65 Ohio St.3d 189, 602 N.E.2d 633, we held that an award of permanent-total-disability compensation based on the injured worker’s back injury in one claim did not bar eligibility for permanent-partial-disability compensation for a neck and shoulder injury in a different claim.
{¶ 22} In other cases, we disapproved concurrent or overlapping compensation in the same claim. Murray, 63 Ohio St.3d 473, 588 N.E.2d 855, decided consolidated cases, each involving a claimant who had been declared permanently and totally disabled as a result of workplace injury not specifically identified in the opinion. Each claimant later applied for permanent-partial-disability compensation for the same injury. Murray holds that a claimant may not concurrently receive compensation for permanent partial disability and permanent total disability for the same injury. The court noted that any statutory “[reference to concurrent payment of [permanent-partial-disability] and [permanent-total-disability] benefits is conspicuously absent.” Id. at 475.
{¶ 23} In Hoskins, 87 Ohio St.3d 560, 722 N.E.2d 66, the claimant was receiving permanent-partial-disability compensation for a work-related injury (not identified in the opinion), and the commission later granted permanent-total-disability compensation in the same claim. There was a period during which the payment of the two awards overlapped. Citing Murray, we held that a claimant could not receive both types of compensation for the same conditions at the same time, regardless of the sequence of payment.
{¶ 24} The interchangeable use of the terms “injury,” “body part,” and “condition,” without additional clarification, has resulted in the inconsistent application of the law. Murray, 63 Ohio St.3d 473, 588 N.E.2d 855, considered concurrent awards for the same “injury” within the context of one claim. The court did not identify the injury, so we may infer that the court intended to include all allowed conditions by its use of the word “injury.” Hoskins focused on the sequence of the concurrent payments for the same injury (also not identified) within one claim. We concluded that it was inappropriate for the two types of benefits to overlap in the same claim.
{¶ 25} To clarify any perceived inconsistencies in our prior cases, we reiterate that for purposes of workers’ compensation, an “injury” is “any injury, whether caused by external accidental means or accidental in character and result, *108 received in the course of, and arising out of, the injured employee’s employment.” [2] R.C. 4123.01(C). A work-related injury is the occurrence that triggers the filing of a report with the Bureau of Workers’ Compensation to open a claim.
{¶ 26} Once the claim is approved, the injured worker is entitled to receive compensation and benefits for only the allowed medical condition or conditions set forth in the claim. Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10. The allowed conditions are narrowly defined medical diagnoses supported by medical documentation. Multiple allowed conditions may be associated with a particular body part. In addition, a psychiatric condition must arise from a work-related injury or occupational disease to be an allowed condition that is compensable. R.C. 4123.01(C)(1).
III. Conclusion
{¶ 27} There is no authority for the commission to award an injured worker permanent-partial-disability compensation under R.C. 4123.57(A) when there has been a prior award of permanent-total-disability compensation under R.C. 4123.58 in the same claim. The commission abused its discretion when it decided to consider Redwine’s application for permanent-partial-disability compensation in the same claim in which she was already receiving permanent-total-disability compensation. Thus, we reverse the judgment of the court of appeals denying OPRS’s complaint for a writ of mandamus.
{¶ 28} Our opinion today is consistent with the overall purpose of Ohio’s workers’ compensation system, which is to provide to workers compensation for loss sustained on account of a workplace injury. Armstrong, 136 Ohio St.3d 58, 2013-Ohio-2237, 990 N.E.2d 568, ¶ 9. Our conclusion is also reinforced by the purpose of permanent-total-disability compensation—to compensate for the impairment of earning capacity. These are lifetime benefits paid to an injured worker for “the inability to perform sustained remunerative employment due to the allowed conditions in the claim.” Ohio Adm.Code 4121-3-34(B)(1). It logically follows that a claimant who is receiving permanent-total-disability compensation is ineligible for concurrent permanent-partial-disability compensation based on a different condition in the same claim.
{¶ 29} OPRS demonstrated a clear right to the relief requested and a clear legal duty on the part of the commission to provide the relief. State ex rel. Gen. Motors Corp. v. Indus. Comm., 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d *109 1075, ¶ 9. We therefore reverse the judgment of the court of appeals and grant a writ of mandamus.
Judgment reversed and writ granted.
O’Connor, C.J., and O’Donnell, Lanzinger, Kennedy, and French, JJ., concur.
Pfeifer, J., dissents, with an opinion joined by O’Neill, J.

. Murray construed a version of R.C. 4123.57 in effect prior to 1986. In 1986, the statute was amended to eliminate temporary-partial-disability compensation and to limit a claimant’s filing of an application for permanent-partial-disability compensation from after the “latest period of total disability” to the “latest period of payments [for temporary total disability],” a change most likely intended to reflect the statute’s elimination of temporary partial disability. Am.Sub.S.B. No. 307, 141 Ohio Laws, Part I, 767.

. A claim may also be initiated as a result of an occupational disease or accidental death that occurred in the course of employment. Because this claim does not involve either, we address only injuries.