Pfeifer, J.,
dissenting.
{¶ 30} The majority opinion correctly points out that this court has sanctioned payment of concurrent permanent-partial-disability and permanent-total-disability benefits for various injured claimants in the past. Majority opinion at ¶ 19. The reason concurrent payment of these benefits is sometimes necessary is that the purpose of permanent-total-disability compensation (to compensate for impairment of earnings capacity) is different from the purpose of permanent-partial-disability compensation (to compensate for work-related injuries). State ex rel. Consolidation Coal Co. v. Indus. Comm., 62 Ohio St.2d 147, 149, 404 N.E.2d 141 (1980), citing State ex rel. Gen. Motors Corp. v. Indus. Comm., 42 Ohio St.2d 278, 282, 328 N.E.2d 387 (1975).
{¶ 31} In this case, the claimant received an award of permanent-total-disability benefits because her psychological condition makes it impossible for her to perform sustained remunerative employment. She also sought compensation for work-related physical injuries. The staff hearing officer concluded that the injuries were not the basis for the award of permanent-total-disability benefits and awarded concurrent permanent-partial-disability benefits based on the claimant’s physical injuries.
{¶ 32} The court of appeals affirmed the award of concurrent benefits. Today, this court reverses the court of appeals, stating that the commission does not have statutory authority to award concurrent benefits, even though nothing in the statutory scheme specifically prohibits granting concurrent benefits.
{¶ 33} I acknowledge that the statutory scheme also does not specifically allow concurrent benefits. Unlike the majority, I do not assume that that means concurrent benefits are prohibited. Instead, I read the statutory scheme liberally in favor of the injured claimant, as required by R.C. 4123.95.
{¶ 34} If the public policy of this state, as evidenced by the enactments of the General Assembly, does not countenance the award of concurrent benefits, the General Assembly could easily amend the statutory scheme. But even though concurrent benefits have been awarded in the past, as noted in the majority *110 opinion, the General Assembly has not evinced its desire to prohibit concurrent benefits. Therefore, I would allow concurrent benefits in this case.
Vorys, Sater, Seymour & Pease, L.L.P., and Rosemary D. Welsh, for appellant.
Michael DeWine, Attorney General, and Andrew Alatis, Assistant Attorney General, for appellee Industrial Commission.
Robert A. Muehleisen, for appellee Sherry L. Redwine.
Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, for amici curiae Ohio Association of Claimants’ Council and Ohio Association for Justice.
Yorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, for amicus curiae Ohio Self-Insurers Association.
Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, for amicus curiae Ohio Chamber of Commerce.
{¶ 35} I would affirm the court of appeals. I dissent.
O’Neill, J., concurs in the foregoing opinion.